## In re Anonymous No. 93 D.B. 98

Disciplinary Board Docket no. 93 D.B. 98.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MORRIS, *Member,* September 14, 2000—Pursuant to Rule.218(c)(5) of the Pennsylvania Rules of Disci-

plinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [    ], filed a petition for reinstatement to the bar of Pennsylvania on August 31, 1999. Petitioner was suspended for one year and one day retroactive to May 21, 1998 by order of the Supreme Court dated July 20, 1999.

A reinstatement hearing was held on November 1, 1999 before Hearing Committee [    ] comprised of Chair [    ], Esquire, and Members [    ], Esquire and [    ], Esquire. Petitioner appeared pro se. Office of Disciplinary Counsel was represented by [    ], Esquire.

The Hearing Committee filed a report on March 17, 2000 and recommended that the petition for reinstatement be granted.

No briefs on exception were filed by Office of Disciplinary Counsel.

This matter was adjudicated by the Disciplinary Board at the meeting of May 11, 2000.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1949 and was admitted to practice law in the Commonwealth of Pennsylvania in 1983. His address is [    ].

(2) Petitioner was suspended from the practice of law by order of Supreme Court dated July 20, 1999.

This suspension was for a period of one year and one day and was made retroactive to May 21, 1998.

(3) Respondent was suspended for failing to diligently pursue client cases, failing to communicate with clients, failing to surrender client files and failing to refund unearned fees when required, and neglecting legal matters.

(4) Petitioner was eligible to file a petition for reinstatement after May 21, 1999. He did so on August 31, 1999.

(5) Prior to the filing of petitioner's petition, Office of Disciplinary Counsel received a complaint against petitioner.

(6) This complaint was investigated and on October 1, 1999, Office of Disciplinary Counsel sent petitioner a written statement of the allegations and requested a statement of position from him. Respondent provided this statement on October 29, 1999.

(7) Respondent admits that he failed to notify a client in a criminal proceeding that he was suspended. (N.T. 22.)

(8) While suspended, petitioner assisted the client in preparing three motions for continuance. Petitioner did not sign these motions. (N.T. 24-26.)

(9) Prosecutors and court personnel were aware of petitioner's suspended status and were aware of the circumstances surrounding the filing of the continuances.

(10) Petitioner refunded a fee paid to him by the client.

(11) The client's case was resolved by other counsel.

(12) Petitioner testified that the marital problems he experienced in the past have been resolved. (N.T. 13.)

304

(13) During his suspension, petitioner spent his time remodeling his house. He was offered legal research jobs but declined them because he felt the offers were in the nature of charity for him. (N.T. 16.)

(14) Petitioner took 38 hours of continuing legal education credits and kept updated on the law by reviewing recent court opinions.

(15) If reinstated, petitioner hopes to start practicing again in [   ] County. (N.T. 14.) He intends to practice criminal law.

## III. CONCLUSIONS OF LAW

Respondent has proven that he has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

Respondent's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by petitioner, [   ]. Petitioner was suspended for one year and one day retroactive to May 21, 1998 pursuant to Supreme Court order of July 20, 1999.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by order of the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral quali-

fications, competency and learning in the law required for admission to practice in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Rule 218(c)(3)(I), Pa.R.D.E.

Office of Disciplinary Counsel presented evidence at the hearing that petitioner failed to notify a client of his suspension and continued to practice law after the effective date of his suspension. Prior to petitioner's suspension he agreed to represent a client in a non-jury criminal matter. Petitioner admitted that he failed to inform the client after the suspension order was issued. This is a violation of Pa.R.D.E. 217(b) requiring notification of a suspension to all clients. Furthermore, the facts brought out at the hearing show that petitioner assisted his client in preparing three motions for continuance after the effective date of his suspension. Prior to filling out the forms, petitioner informed the judge's staff that he was suspended and needed to continue his case. The staff personnel advised petitioner to fill out the continuance forms and have his client sign them. Petitioner filled in the "reasons" portion of the continuance form and had his client sign it. Petitioner did not sign the forms. No court appearance was required for this, as the judge's staff handled the postponements. The judge, court personnel and prosecutor were aware of petitioner's status as a suspended attorney. Another attorney concluded the client's case.

The issue raised by this conduct is whether petitioner engaged in the unauthorized practice of law. The Hear-

ing Committee concluded that while petitioner's actions were not "pristine," they were not so egregious as to constitute the unauthorized practice of law.

The case law on this issue supports this conclusion. In the matter of *In re Anonymous No. 35 D.B. 85,* 48 D.&C.3d 254 (1988), an attorney failed to make proper notification of his suspension as required under Rule 217, Pa.R.D.E., he continued to accept engagements as an attorney and continued to negotiate claims on behalf of clients during his suspension. When he sought reinstatement, the Hearing Committee recommended denying the petition because of these activities. The board found that these acts were de minimis and did not establish a finding that the attorney engaged in the unauthorized practice of law. The board recommended and the Supreme Court granted the petition for reinstatement.

The board is in agreement with the committee's conclusion in the instant matter. Petitioner made the court personnel aware of his status and they in turn advised him how to handle the postponement requests. It is unfortunate that petitioner did not see the necessity of advising his client of his suspended status; however, petitioner was attempting in the best way he knew to resolve his client's case. These activities at best are de minimis infractions and do not warrant the denial of petitioner's reinstatement request. Additionally, the board notes that petitioner admitted to the facts of the matter and demonstrated complete candor in his responses to Disciplinary Counsel and the committee.

Petitioner displayed frankness in the balance of his testimony, also. He realizes that he has made many mis-

takes in the manner in which he practiced law in the past. He attributes his problems to time and office management issues compounded by marital difficulties and professional disappointments. Petitioner has had time to reflect on these mistakes and determine how to remedy them.

During his suspension petitioner completed 38 hours of continuing legal education courses. He reviewed recent court opinions to keep apprised of changes in the law. He has demonstrated remorse for his misconduct.

The board finds that petitioner has proven by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to the bar. The record is clear that his reinstatement will not be detrimental to the integrity of the bar nor subversive of the public interest.

The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [   ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board member Sheerer recused himself.

## ORDER

And now, November 17, 2000, upon consideration of report and recommendations of the Disciplinary

Board of the Supreme Court of Pennsylvania dated September 14, 2000, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.